EXHIBIT A-1

*Unofficial translation*



**MINISTRY OF JUSTICE**
**SOCIALIST REPUBLIC OF VIETNAM**

No: 1303 /CH-BTP

The Ministry of Justice of the Socialist Republic of Viet Nam presents its compliments to the Office of International Judicial Assistance of Civil Division, the United States Department of Justice and has the honour to transmit to the latter a request for judicial assistance issued of The People's court of Đăk Lăk province in relation to **Nguyen Lien My** for taking of evidence.

In accordance with the Hague convention on taking of evidence abroad in Civil or commercial matters, the Ministry of Justice of the Socialist Republic of Viet Nam highly appreciates the assistance of the Office of International Judicial Assistance of Civil Division, the United States Department of Justice in executing the aforesaid request issued by The People's court of Đăk Lăk Province and reply the executing results to the Ministry of Justice of the Socialist Republic of Viet Nam as soon as possible.

The Ministry of Justice of the Socialist Republic of Viet Nam avails itself of this opportunity to renew to the Office of International Judicial Assistance of Civil Division, the United States Department of Justice the assurance of its highest consideration.

*Hanoi, 22/5/ 2023*

To: Office of International Judicial Assistance of Civil Division, the United States Department of Justice.

JUL 1 0 2023

| PEOPLE'S COURT | THE SOCIALIST REPUBLIC OF VIETNAM |
|---|---|
| DAK LAK PROVINCE | Independence – Freedom – Happiness |
| No.: 03/UTTPDS-TA16 | *Dak Lak, on 05 January 2023* |

# CIVIL JUDICIAL ENTRUSTMENT DOCUMENT

| 1. Name of judicially entrusted authority Address: | International mutual legal assistance office, Civil Service, US Department of Justice |
|---|---|
| 2. Name of judicial entrustment authority Address: Telephone number: Email: | People's Court of Dak Lak Province No. 04 Le Duan, Buon Ma Thuot City, Dak Lak Province, Vietnam. (+84) 833591667 – Clerk: Do Thi Minh Chi dothiminhchi@gmail.com |
| 3. Full name of judge settling the matter | Tran Duy Tuan |
| 4. The person who is related directly to judicial entrustment | **Mrs. Nguyen Lien My** Born in 1966 Gender: Female Nationality: American Residing at **27 Forest Ave, #1 Everett, MA 02149 USA** |
| 5. The work of judicial entrustment | [ ] Service: (enclosed is the list of material served in which the nature and the purpose of material are described, the period mentioned in material and material served) √ Collecting, providing evidence (Enclosed is the Evidence Description which needs to be collected, questions for asking the persons concerned). [ ] Summoning the witness, the appraiser (Enclosed is the Description of rights and obligations of the witness, the appraiser and summons to the witness, the appraiser). [ ] Other request (enclosed with relevant material) |
| 6. Summary of matter content | The contents Mrs. Nguyen Thi My Ngoc requests the Court to settle include: 1/ Dividing bequeathed estate according to the regulations of the law including the land plot at 92 Dien Bien Phu, Thong Nhat Ward, Buon Ma Thuot City, Dak Lak Province among 08 common children of Mr. Khuong, Mrs. Lanh; 2/ Delivering the property including land use rights and the property in the land at the above-mentioned land plot to Mrs. Ngoc, Mr. Tin. Mrs. Ngoc, Mr. Tin are under an obligation to return their part of the inheritance to other coheirs according to the regulations of the law after deducting obligation items including real estate purchase amount, interest Mr. Khuong received from Mrs. Ngoc, Mr. Tin |

| | |
|---|---|
| 7. Quotation of applicable article of law | **Article 70. Rights and obligations of the persons concerned**<br>The persons concerned have equal rights, obligations when they participate in proceedings. Upon proceeding participation, the persons concerned have the following rights, obligations:<br>1. Respecting the Court, strictly executing the internal rules of the trial.<br>2. Paying cost, fee advances, costs, fees and other legal expenses according to the regulations of the law.<br>3. Providing exactly all of their addresses of residences, head office; in the process of the Court settling the case if there is a change in address of residence, head office, they must notify other persons concerned and the Court opportunely.<br>4. Preserving, changing, supplementing or withdrawing the request according to the regulations of this Code.<br>5. Providing material, evidence; proving in order to protect their lawful rights and interests.<br>6. Requesting authorities, organizations, individuals that are storing, managing material, evidence to provide it for them.<br>7. Requesting the Court to verify, collect material, evidence of the case which they cannot do it themselves; requesting the Court to ask other persons concerned to present material, evidence kept by them; requesting the Court to make a decision to request authorities, organizations, individuals that are storing, managing material, evidence to provide it; requesting the Court to summon witnesses, solicit an expert assessment, decide valuation of assets.<br>8. Knowing, taking notes, photocopying material, evidence presented by other persons concerned or collected by the Court, except for material, evidence prescribed in clause 2 Article 109 of this Code.<br>9. Having obligation to send other persons concerned or their lawful representatives the copy of a lawsuit petition and material, evidence, except for material evidence which other persons concerned have owned, material, evidence prescribed in clause 2 Article 109 of this Code.<br>In case for just cause, they cannot photocopy, send a lawsuit petition, material, evidence, they have the right to request support from the Court.<br>10. The Court is kindly requested to decide, apply, change, cancel temporary urgent measures.<br>11. Agreeing with each other on their own about case settlement, conciliation participation conducted by the Court.<br>12. Receiving valid notice in order to exercise their rights and obligations.<br>13. Protecting on their own or asking others for protection of their lawful rights and interests.<br>14. Requesting the change of proceeding-conducting persons, proceeding participants according to the regulations of this Code.<br>15. Participating in the trial, the meeting according to the |

regulations of this Code.

16. Obliged to be present by summons of the Court and executing the decision of the Court in the process of the Court settling the case.

17. Requesting the Court to take the persons with related interests or obligations to proceeding participation.

18. Requesting the Court to temporarily suspend case settlement according to the regulations of this Code.

19. Putting a question to others about the problem concerning the case or putting forward problems needed to ask others to the Court; confront with each other or with the witnesses.

20. Arguing at the trial, advancing arguments on the assessments of evidence and applicable law.

21. Issued the extract of a court's judgment, court's judgment or decision.

22. Appealing, complaining a judgment, decision of the Court according to the regulations of this Code.

23. Requesting authorized person to protest according to cassation or reopening procedures of a decision, judgment of the Court that has taken legal effect.

24. Strictly executing a judgment, decision of the Court that has taken legal effect.

25. Exercising the rights of the persons concerned in a goodwill way, not allowed to misuse to obstruct the proceeding activities of the Court, other persons concerned; in case they do not fulfill their obligations, they must bear consequences prescribed by this Code.

26. Other rights, obligations prescribed by the law.

**Article 74. Inheriting litigation rights and obligations**

1. In case the persons concerned are individuals that are participating in proceedings dying but their rights, obligations on property inherited, the inheritors participate in proceedings.

**Article 199. Rights and obligations of the defendants, the persons with related interests, obligations upon receiving the notice.**

1. In the period of 15 days from the date of reception of the notice, the defendants, the persons with related interests, obligations must submit the Court their written opinion about the request of the plaintiffs and the enclosed material, evidence, counter claim, independent claim (if any)

In case of an extension, the defendants, the persons with related interests, obligations must make the written proposal for an extension to the Court specifying reason; if proposal for an extension is well-founded, the Court must extend but not exceed 15 days.

2. The defendants, the persons with related interests, obligations have the right to request the Court to show, take notes, photocopy a lawsuit petition and material, evidence enclosed with a lawsuit petition, except for material, evidence prescribed in clause 2 Article 109 of this Code.

|  | - Regarding judicial implementation measures: In case appropriate authorities at the address 27 Forest Ave, #1 Everett, MA 02149 USA have no implementation competence, they are kindly requested to notify People's Court of Dak Lak Province. |
|---|---|
| 8. Measures for the implementation of judicial entrustment | √ According to measures mentioned in national law of the country requested<br>[ ] According to special measures (described specifically) |
| 9. The period of the implementation of judicial entrustment | The agency is kindly requested to implement judicial entrustment prior **to 19th day of March 2023** and notify results to the judicial entrustment agency with name and address in judicial entrustment document. In case judicial entrustment cannot be implemented the agency is kindly requested to notify immediately to the requesting agency and specify reason for non-implementation in a reply document. |

People's court of Dak Lak Province respectfully thanks for coordination of agencies. In case information needs to be supplemented to implement judicial entrustment, the agency is kindly requested to notify appropriate authorities again in writing of the request for judicial entrustment – People's Court of Dak Lak Province.

*Recipient:*
- As above;
- Filed: in record, office

**JUDGE**
(Signed and sealed)
**Tran Duy Tuan**

# THE DESCRIPTION OF EVIDENCE NEEDS TO BE COLLECTED, QUESTIONS FOR ASKING THE DEFENDANT (ENCLOSED WITH CIVIL JUDICIAL ENTRUSTMENT DOCUMENT NO. 02/TTTPDS-TA16 OF PEOPLE'S COURT OF DAK LAK PROVINCE

**I. Collecting papers to prove the record of Mrs. Nguyen Lien My and other material, evidence submitted by Mrs. Nguyen Lien My (if any)**

**II. Taking the testimony of Mrs. Nguyen Lien My with the following contents:**

1/ How many children do Mr. Nguyen Van Khuong and Mrs. Ly Sieu Lanh have? Are they now alive or dead? What is Mr. Danny Nguyen Lam's relationship to Mrs. Nguyen Thi My Ngoc, Mrs. Nguyen Thi My Le, Mr. Nguyen Minh Hoang, Mr. Nguyen Minh Hai, Mrs. Nguyen Thi My Linh, Mr. Michael Nguyen Sun and Mrs. Nguyen Lien My?

2/ When did Mr. Nguyen Van Khuong and Mrs. Ly Sieu Lanh die? Did they leave their testament before dying? What does the property set up by Mr. Nguyen Van Khuong and Mrs. Ly Sieu Lanh include? The origin and the process of property use? Who is now managing the property? To whom was it transferred or donated?

3/ What is **Mrs. Nguyen Lien My's** opinion about the request for lawsuit initiation of Mrs. Nguyen Thi My Ngoc that dividing the bequeathed estate according to the regulations of the law including the land plot at No. 92 Dien Bien Phu, Thong Nhat Ward, Buon Ma Thuot City among 08 common children of Mr. Khuong and Mrs. Lanh and delivering the property including land use rights and the property in the land at the above-mentioned land plot to Mrs. Ngoc, Mr. Tin. Mrs. Ngoc, Mr. Tin are under an obligation to return their part of the inheritance to other coheirs according to the regulations of the law after deducting obligation items including real estate purchase amount, interest Mr. Khuong has received from Mrs. Ngoc, Mr. Tin.

**III. Taking the testimony of Mrs. Nguyen Lien My about case settlement:**

- Does **Mrs. Nguyen Lien My** come to Vietnam to participate in working sessions, the meeting of examination of handover, access to, disclosure of evidence and conciliation and the trial according to the notice of People's Court of Dak Lak Province at the following specific time?

- The Court shall open the meeting of examination of handover, access to, disclosure of evidence and conciliation at **08:00 A.M. on 20 March 2023.**

- If at the above-mentioned meeting of examination of handover, access to evidence, **Mrs. Nguyen Lien My** is absent, the Court shall reopen the meeting of examination of handover, access to, disclosure of evidence and conciliation for the second time **at 08:00 A.M. on 20 April 2023.**

- The Court opens the trial in the first instance at **08:00 A.M. on 22 May 2023.**

- If at the trial in the first instance for the first time, **Mrs. Nguyen Lien My** is absent, the Court reopens the trial in the first instance at **08:00 A.M. on 22 June 2023.**

At the Head office of People's Court of Dak Lak Province – No. 04 Le Duan, Buon Ma Thuot City, Dak Lak Province, Vietnam.



If **Mrs. Nguyen Lien My** cannot come to Vietnam to participate in proceedings what is his request for case settlement? Does he request People's Court of Dak Lak Province to settle in his absence?

If **Mrs. Nguyen Lien My** has the request for absence, he must make an application for absence expressing clearly his request for absence from working sessions, conciliations and trials of the Court and specifying reason for absence. **Mrs. Nguyen Lien My** can make the power of attorney for others on his behalf to receive procedural documents at the Court in the process of the Court settling the case.

*Note:* The written reply and power of attorney of **Mrs. Nguyen Lien My** must get certified signature from notary public's office or local authorities where **Mrs. Nguyen Lien My** resides and get consular legalization and confirmation from a diplomatic agency of the Socialist Republic of Vietnam in America before sending them to the Court at the address: *"Judge Tran Duy Tuan - People's Court of Dak Lak Province, address: No. 04 Le Duan, Buon Ma Thuot City, Dak Lak Province, Vietnam".*

---

| | |
|---|---|
| I, NGUYEN THI PHUONG NAM<br>ID Card No: 079 166 000 122<br>Undertake that I have translated accurately this document from Vietnamese to English<br>Tôi, NGUYỄN THỊ PHƯƠNG NAM<br>CCCD số: 079 166 000 122<br>Cam đoan đã dịch chính xác nội dung của giấy tờ/văn bản này từ tiếng Việt sang tiếng Anh<br><br>Ngày 13 tháng 01 năm 2023<br><br>Người dịch<br><br>*(signature)*<br><br>Nguyễn Thị Phương Nam | Date 13/01/ 2023<br>(In words: *The thirteenth day of January, two thousand and twenty-three*)<br>At the People's Committee of District 4, Ho Chi Minh City<br><br>I, **Luong Nguyen Trong Tien**<br>Chief/Deputy Chief of the Judicial Division of District 4<br>Certifies that Ms. NGUYEN THI PHUONG NAM is the person who signed this translation.<br>(*Ngày mười ba tháng một năm hai ngàn không trăm hai mươi ba*)<br>Tại Ủy ban nhân dân quận 4, TP Hồ Chí Minh<br><br>Tôi, **Lương Nguyễn Trọng Tiến**<br>Là Phó Trưởng phòng Tư pháp Quận 4 – TP.Hồ Chí Minh<br>Chứng thực Bà Nguyễn Thị Phương Nam là người đã ký vào bản dịch này.   **0 0 2 5 4 8**<br><br>Số chứng thực:<br>Quyển số:   01/2023-SCT/CKND<br>Phó Trưởng phòng Tư pháp Quận 4<br><br>*(seal and signature: Lương Nguyễn Trọng Tiến)* |



**BỘ TƯ PHÁP**
**NƯỚC CỘNG HOÀ XÃ HỘI CHỦ NGHĨA VIỆT NAM**
───────

Số: 1303 /CH-BTP

    Bộ Tư pháp nước Cộng hoà xã hội chủ nghĩa Việt Nam trân trọng kính chào Văn phòng tương trợ tư pháp quốc tế thuộc Vụ Dân sự, Bộ Tư pháp Hoa Kỳ và hân hạnh chuyển tới Quý Cơ quan hồ sơ uỷ thác tư pháp của Tòa án nhân dân tỉnh Đắk Lắk, nước Cộng hoà xã hội chủ nghĩa Việt Nam để thu thập chứng cứ đối với đương sự **Nguyen Lien My**.

    Theo Công ước La Hay về thu thập chứng cứ ở nước ngoài trong lĩnh vực dân sự hoặc thương mại, Bộ Tư pháp Cộng hoà xã hội chủ nghĩa Việt Nam kính đề nghị Văn phòng tương trợ tư pháp quốc tế thuộc Vụ Dân sự, Bộ Tư pháp Hoa Kỳ thực hiện yêu cầu uỷ thác tư pháp nói trên của Tòa án nhân dân tỉnh Đắk Lắk và gửi kết quả về Bộ Tư pháp Cộng hoà xã hội chủ nghĩa Việt Nam trong thời gian sớm nhất.

    Nhân dịp này, Bộ Tư pháp nước Cộng hoà xã hội chủ nghĩa Việt Nam một lần nữa xin gửi tới Văn phòng tương trợ tư pháp quốc tế thuộc Vụ Dân sự, Bộ Tư pháp Hoa Kỳ lời chào trân trọng.

*Hà Nội, ngày 22 tháng 5 năm 2023*

- Văn phòng tương trợ tư pháp quốc tế thuộc Vụ Dân sự, Bộ Tư pháp Hoa Kỳ
- Tòa án nhân dân tỉnh Đắk Lắk - TP.Trần Duy Tuấn

296

| TÒA ÁN NHÂN DÂN TỈNH ĐẮK LẮK | CỘNG HÒA XÃ HỘI CHỦ NGHĨA VIỆT NAM Độc lập - Tự do - Hạnh phúc |
|---|---|
| Số: 03/TTTPDS – TA16 | *Đắk Lắk, ngày 05 tháng 01 năm 2023* |

## VĂN BẢN ỦY THÁC TƯ PHÁP VỀ DÂN SỰ

| 1. Tên cơ quan được ủy thác tư pháp<br>Địa chỉ: | Văn phòng Tương trợ tư pháp quốc tế, Vụ Dân sự, Bộ Tư pháp Hòa Kỳ. |
|---|---|
| 2. Tên cơ quan ủy thác tư pháp:<br>Địa chỉ:<br><br>Số điện thoại:<br>Email: | Tòa án nhân dân tỉnh Đắk Lắk.<br>04 Lê Duẩn, thành phố Buôn Ma Thuột, tỉnh Đắk Lắk, Việt Nam<br>(+84) 833591667 – Thư ký: Đỗ Thị Minh Chi<br>dothiminhchi@gmail.com |
| 3. Họ tên Thẩm phán giải quyết vụ việc | Trần Duy Tuấn |
| 4. Người có liên quan trực tiếp đến ủy thác tư pháp | Bà Nguyen Lien My<br>Sinh năm 1966<br>Giới tính: Nữ<br>Quốc tịch: Hoa Kỳ<br>Trú tại: 27 Forest Ave, #1 Everett, MA 02149, USA. |
| 5. Công việc ủy thác tư pháp | ☐ Tống đạt (kèm theo là Danh mục tài liệu được tống đạt, trong đó mô tả bản chất và mục đích của tài liệu, thời hạn nêu trong tài liệu và các tài liệu được tống đạt)<br>☑ Thu thập, cung cấp chứng cứ (Kèm theo là Bản mô tả chứng cứ cần được thu thập, câu hỏi để hỏi những người có liên quan)<br>☐ Triệu tập người làm chứng, người giám định (Kèm theo là Bản mô tả quyền và nghĩa vụ của người làm chứng, người giám định và Giấy triệu tập người làm chứng, người giám định)<br>☐ Yêu cầu khác (kèm theo các tài liệu có liên quan) |
| 6. Tóm tắt nội dung vụ việc | Nội dung bà Nguyễn Thị Mỹ Ngọc yêu cầu Tòa án giải quyết bao gồm: |

| | |
|---|---|
| | 1/ Phân chia di sản thừa kế theo quy định của pháp luật là lô đất tại 92 Điện Biên Phủ, phường Thống Nhất, thành phố Buôn Ma Thuột cho 08 người con chung của ông Khương, bà Lành; <br><br> 2/ Giao tài sản là quyền sử dụng đất và tài sản trên đất tại lô đất nêu trên cho vợ chồng bà Ngọc, ông Tín. Vợ chồng bà Ngọc, ông Tín có nghĩa vụ hoàn trả phần thừa kế cho các đồng thừa kế khác theo quy định của pháp luật sau khi đã trừ các khoản nghĩa vụ là các khoản tiền mua nhà đất, tiền lãi mà ông Khương nhận từ vợ chồng bà Ngọc, ông Tín. |
| 7. Trích dẫn điều luật có thể áp dụng | **Điều 70. Quyền, nghĩa vụ của đương sự** <br> Đương sự có quyền, nghĩa vụ ngang nhau khi tham gia tố tụng. Khi tham gia tố tụng, đương sự có quyền, nghĩa vụ sau đây: <br> 1. Tôn trọng Tòa án, chấp hành nghiêm chỉnh nội quy phiên tòa. <br> 2. Nộp tiền tạm ứng án phí, tạm ứng lệ phí, án phí, lệ phí và chi phí tố tụng khác theo quy định của pháp luật. <br> 3. Cung cấp đầy đủ, chính xác địa chỉ nơi cư trú, trụ sở của mình; trong quá trình Tòa án giải quyết vụ việc nếu có thay đổi địa chỉ nơi cư trú, trụ sở thì phải thông báo kịp thời cho đương sự khác và Tòa án. <br> 4. Giữ nguyên, thay đổi, bổ sung hoặc rút yêu cầu theo quy định của Bộ luật này. <br> 5. Cung cấp tài liệu, chứng cứ; chứng minh để bảo vệ quyền và lợi ích hợp pháp của mình. <br> 6. Yêu cầu cơ quan, tổ chức, cá nhân đang lưu giữ, quản lý tài liệu, chứng cứ cung cấp tài liệu, chứng cứ đó cho mình. <br> 7. Đề nghị Tòa án xác minh, thu thập tài liệu, chứng cứ của vụ việc mà tự mình không thể thực hiện được; đề nghị Tòa án yêu cầu đương sự khác xuất trình tài liệu, chứng cứ mà họ đang giữ; đề nghị Tòa án ra quyết định yêu cầu cơ quan, tổ chức, cá nhân đang lưu giữ, quản lý tài liệu, chứng cứ cung cấp tài liệu, chứng cứ đó; đề nghị Tòa án triệu tập người làm chứng, trưng cầu giám định, quyết định việc định giá tài sản. |

8. Được biết, ghi chép, sao chụp tài liệu, chứng cứ do đương sự khác xuất trình hoặc do Tòa án thu thập, trừ tài liệu, chứng cứ quy định tại khoản 2 Điều 109 của Bộ luật này.

9. Có nghĩa vụ gửi cho đương sự khác hoặc người đại diện hợp pháp của họ bản sao đơn khởi kiện và tài liệu, chứng cứ, trừ tài liệu, chứng cứ mà đương sự khác đã có, tài liệu, chứng cứ quy định tại khoản 2 Điều 109 của Bộ luật này.

Trường hợp vì lý do chính đáng không thể sao chụp, gửi đơn khởi kiện, tài liệu, chứng cứ thì họ có quyền yêu cầu Tòa án hỗ trợ.

10. Đề nghị Tòa án quyết định áp dụng, thay đổi, hủy bỏ biện pháp khẩn cấp tạm thời.

11. Tự thỏa thuận với nhau về việc giải quyết vụ án; tham gia hòa giải do Tòa án tiến hành.

12. Nhận thông báo hợp lệ để thực hiện quyền, nghĩa vụ của mình.

13. Tự bảo vệ hoặc nhờ người khác bảo vệ quyền và lợi ích hợp pháp cho mình.

14. Yêu cầu thay đổi người tiến hành tố tụng, người tham gia tố tụng theo quy định của Bộ luật này.

15. Tham gia phiên tòa, phiên họp theo quy định của Bộ luật này.

16. Phải có mặt theo giấy triệu tập của Tòa án và chấp hành quyết định của Tòa án trong quá trình Tòa án giải quyết vụ việc.

17. Đề nghị Tòa án đưa người có quyền lợi, nghĩa vụ liên quan tham gia tố tụng.

18. Đề nghị Tòa án tạm đình chỉ giải quyết vụ việc theo quy định của Bộ luật này.

19. Đưa ra câu hỏi với người khác về vấn đề liên quan đến vụ án hoặc đề xuất với Tòa án những vấn đề cần hỏi người khác; được đối chất với nhau hoặc với người làm chứng.

20. Tranh luận tại phiên tòa, đưa ra lập luận về đánh giá chứng cứ và pháp luật áp dụng.

21. Được cấp trích lục bản án, bản án, quyết định của Tòa án.

22. Kháng cáo, khiếu nại bản án, quyết định của Tòa án theo quy định của Bộ luật này.

23. Đề nghị người có thẩm quyền kháng



nghị theo thủ tục giám đốc thẩm, tái thẩm bản án, quyết định của Tòa án đã có hiệu lực pháp luật.

24. Chấp hành nghiêm chỉnh bản án, quyết định của Tòa án đã có hiệu lực pháp luật.

25. Sử dụng quyền của đương sự một cách thiện chí, không được lạm dụng để gây cản trở hoạt động tố tụng của Tòa án, đương sự khác; trường hợp không thực hiện nghĩa vụ thì phải chịu hậu quả do Bộ luật này quy định.

26. Quyền, nghĩa vụ khác mà pháp luật có quy định.

**Điều 74. Kế thừa quyền, nghĩa vụ tố tụng**

1. Trường hợp đương sự là cá nhân đang tham gia tố tụng chết mà quyền, nghĩa vụ về tài sản của họ được thừa kế thì người thừa kế tham gia tố tụng.

**Điều 199. Quyền, nghĩa vụ của bị đơn, người có quyền lợi, nghĩa vụ liên quan khi nhận được thông báo**

1. Trong thời hạn 15 ngày, kể từ ngày nhận được thông báo, bị đơn, người có quyền lợi, nghĩa vụ liên quan phải nộp cho Tòa án văn bản ghi ý kiến của mình đối với yêu cầu của nguyên đơn và tài liệu, chứng cứ kèm theo, yêu cầu phản tố, yêu cầu độc lập (nếu có).

Trường hợp cần gia hạn thì bị đơn, người có quyền lợi, nghĩa vụ liên quan phải có đơn đề nghị gia hạn gửi cho Tòa án nêu rõ lý do; nếu việc đề nghị gia hạn là có căn cứ thì Tòa án phải gia hạn nhưng không quá 15 ngày.

2. Bị đơn, người có quyền lợi, nghĩa vụ liên quan có quyền yêu cầu Tòa án cho xem, ghi chép, sao chụp đơn khởi kiện và tài liệu, chứng cứ kèm theo đơn khởi kiện, trừ tài liệu, chứng cứ quy định tại khoản 2 Điều 109 của Bộ luật này.

- Về các biện pháp thực hiện tư pháp: Trường hợp Cơ quan có thẩm quyền tại địa chỉ 27 Forest Ave, #1 Everett, MA 02149, Hoa Kỳ, không có thẩm quyền thực hiện thì đề nghị thông báo cho Tòa án nhân dân tỉnh

| | |
|---|---|
| | **Đắk Lắk được biết.** |
| 8. Các biện pháp thực hiện ủy thác tư pháp | ✓ Theo biện pháp được nêu trong pháp luật quốc gia của nước được yêu cầu<br><br>☐ Theo biện pháp đặc biệt (mô tả cụ thể) |
| 9. Thời hạn thực hiện ủy thác tư pháp | Đề nghị cơ quan được yêu cầu thực hiện ủy thác tư pháp trước **ngày 19 tháng 3 năm 2023** và thông báo kết quả cho cơ quan ủy thác tư pháp theo tên và địa chỉ trong văn bản ủy thác tư pháp. Trường hợp không thực hiện được ủy thác tư pháp, đề nghị cơ quan được yêu cầu thông báo ngay cho cơ quan yêu cầu và nêu rõ lý do không thực hiện được trong văn bản trả lời |

   Tòa án nhân dân tỉnh Đắk Lắk xin trân trọng cảm ơn sự phối hợp của Quý Cơ quan. Trường hợp cần bổ sung thông tin để thực hiện ủy thác tư pháp, đề nghị cơ quan được yêu cầu thông báo lại bằng văn bản cho Cơ quan có thẩm quyền yêu cầu thực hiện ủy thác – Tòa án nhân dân tỉnh Đắk Lắk được biết.

*Nơi nhận:*
- Như trên;
- Lưu HS, VP.

**THẨM PHÁN**

**Trần Duy Tuấn**

## BẢN MÔ TẢ CHỨNG CỨ CẦN ĐƯỢC THU THẬP, CÂU HỎI ĐỂ HỎI BỊ ĐƠN (KÈM THEO VĂN BẢN ỦY THÁC TƯ PHÁP VỀ DÂN SỰ SỐ 03/TTTPDS – TA16 CỦA TÒA ÁN NHÂN DÂN TỈNH ĐẮK LẮK)

**I. Thu thập giấy tờ chứng minh nhân thân của bà Nguyen Lien My và các tài liệu, chứng cứ khác do bà Nguyen Lien My giao nộp (nếu có).**

**II. Lấy lời khai của bà Nguyen Lien My với các nội dung sau:**

1/ Ông Nguyễn Văn Khương và bà Lý Siêu Lành có bao nhiêu người con, hiện còn sống hay đã chết? Bà Nguyen Lien My có mối quan hệ như thế nào đối với bà Nguyễn Thị Mỹ Ngọc, bà Nguyễn Thị Mỹ Lệ, ông Nguyễn Minh Hoàng, ông Nguyễn Minh Hải, bà Nguyễn Thị Mỹ Linh, ông Michael Nguyen Sun và ông Danny Nguyen Lam?

2/ Ông Nguyễn Văn Khương và bà Lý Siêu Lành chết thời gian nào? Trước khi chết có để lại di chúc không? Tài sản của ông Nguyễn Văn Khương và bà Lý Siêu Lành tạo lập được bao gồm những gì? Nguồn gốc và quá trình sử dụng tài sản? Hiện tài sản đang do ai quản lý? Đã chuyển nhượng hay tặng cho những ai?

3/ Bà Nguyen Lien My có ý kiến gì đối với yêu cầu khởi kiện của bà Nguyễn Thị Mỹ Ngọc là: Phân chia di sản thừa kế theo quy định của pháp luật là lô đất tại 92 Điện Biên Phủ, phường Thống Nhất, thành phố Buôn Ma Thuột cho 08 người con chung của ông Khương, bà Lành và giao tài sản là quyền sử dụng đất và tài sản trên đất tại lô đất nêu trên cho vợ chồng bà Ngọc, ông Tín. Vợ chồng bà Ngọc, ông Tín có nghĩa vụ hoàn trả phần thừa kế cho các đồng thừa kế khác theo quy định của pháp luật sau khi đã trừ các khoản nghĩa vụ là các khoản tiền mua nhà đất, tiền lãi mà ông Khương nhận từ vợ chồng bà Ngọc, ông Tín?

**III. Lấy lời khai của bà Nguyen Lien My về việc giải quyết vụ án:**

Bà Nguyen Lien My có về Việt Nam để tham gia các buổi làm việc, phiên họp kiểm tra việc giao nộp, tiếp cận, công khai chứng cứ và hòa giải và phiên tòa xét xử không theo thông báo của Tòa án nhân dân tỉnh Đắk Lắk vào thời gian cụ thể dưới đây được hay không?

- Tòa án mở phiên họp kiểm tra việc giao nộp, tiếp cận, công khai chứng cứ và hòa giải vào lúc 8 giờ 00 ngày 20 tháng 3 năm 2023.

- Nếu tại phiên họp kiểm tra việc giao nộp, tiếp cận chứng cứ trên bà Nguyen Lien My vắng mặt thì Tòa án mở lại phiên họp kiểm tra việc giao nộp, tiếp cận, công khai chứng cứ và hòa giải lần thứ hai vào lúc 8 giờ 00 ngày 20 tháng 4 năm 2023.

- Tòa án mở phiên tòa xét xử sơ thẩm vào lúc 8 giờ 00 ngày 22 tháng 5 năm



2023.

- Nếu tại phiên tòa xét xử sơ thẩm lần thứ nhất bà Nguyen Lien My vắng mặt thì Tòa án mở lại phiên tòa xét xử sơ thẩm vào lúc 8 giờ 00 ngày 22 tháng 6 năm 2023.

Tại trụ sở Tòa án nhân dân tỉnh Đắk Lắk, số 04 Lê Duẩn, thành phố Buôn Ma Thuột, tỉnh Đắk Lắk, Việt Nam.

Nếu bà Nguyen Lien My không thể về Việt Nam tham gia tố tụng được thì có yêu cầu gì đối với việc giải quyết vụ án không? Có yêu cầu Tòa án nhân dân tỉnh Đắk Lắk giải quyết vắng mặt không?

Nếu bà Nguyen Lien My có yêu cầu vắng mặt phải làm đơn xin vắng mặt, trong đơn phải thể hiện rõ là yêu cầu được vắng mặt tại các buổi làm việc, các phiên hòa giải và xét xử của Tòa án và nêu rõ lý do vắng mặt. Bà Nguyen Lien My có thể làm văn bản ủy quyền cho người khác đại diện nhận thay các văn bản tố tụng tại Tòa án trong quá trình Tòa án giải quyết vụ án.

*Lưu ý:* Văn bản trả lời và văn bản ủy quyền của bà Nguyen Lien My phải có thị thực chữ ký của cơ quan công chứng hoặc chính quyền địa phương nơi bà Nguyen Lien My cư trú và phải được hợp pháp hóa lãnh sự tại cơ quan ngoại giao của nước Cộng hòa xã hội chủ nghĩa Việt Nam tại Hoa Kỳ xác nhận trước khi gửi về Tòa án theo địa chỉ: *"Thẩm phán Trần Duy Tuấn – Tòa án nhân dân tỉnh Đắk Lắk, địa chỉ: Số 04 Lê Duẩn, thành phố Buôn Ma Thuột, tỉnh Đắk Lắk, Việt Nam"./.*